IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILMINGTON SAVINGS, FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR SC PARK LANE II TRUST 2019-1,<br><br>      Plaintiff,<br><br>  vs.<br><br>PAUL WALLACE,<br><br>      Defendant. | CIVIL NO. 25-00122 JAO-KJM<br><br>ORDER REMANDING ACTION |

**ORDER REMANDING ACTION**

On March 17, 2025, Defendant Paul Wallace ("Defendant") filed a "Notice of Removal of a Civil Case" purporting to remove this foreclosure action from the Circuit Court of the Third Circuit, State of Hawaii ("Circuit Court").[1]  *See* ECF No. 1.  Defendant asserted that removal is proper based on federal question

---

[1] Although Defendant failed to attach the Circuit Court complaint to his removal notice, Plaintiff Wilmington Savings Fund, FSB ("Plaintiff") submitted the complaint with its subsequent Motion for Remand, revealing that the state court complaint was a foreclosure matter filed in 2012 against Defendant for defaulting on his mortgage.  *See* ECF No. 18-3.

jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1 at 2, 7.

The Court issued an Order to Show Cause ("OSC") directing Defendant to explain why this action should not be remanded, considering that the underlying case is a foreclosure action under Hawaiʻi law, and that the only matter of federal law was raised as a defense. *Id.* at 3–4. After the Court issued the OSC, Plaintiff filed a Motion to Remand to State Court, arguing that the case is also subject to remand based on the untimeliness of removal and the forum defendant rule. *See* ECF No. 18 ("Motion to Remand). For the following reasons, the Court determines that Defendant's response to the OSC, ECF No. 32,[2] fails to establish subject matter jurisdiction and so REMANDS the case pursuant to the OSC. It thus DENIES the Motion to Remand—as well several of Defendant's various filings—as moot.

---

[2] The Court originally set the deadline for the response to the OSC as April 14, 2025. ECF No. 10. After granting Defendant three extensions of time to respond, ECF Nos. 20, 25, 31, the Court stated that it "will grant no further extensions," ECF No. 31. Defendant filed a timely response, ECF No. 32, but then filed an amended response to the OSC several days after the deadline without leave of court. ECF No. 33. The Court therefore STRIKES Defendant's amended response, *id.*, pursuant to Local Rule 7.2 and will only consider the response that was filed by the deadline, ECF No. 32. The Court nevertheless reviewed the late filing and notes that it wouldn't change the Court's conclusion.

2

## I. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.").

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). So-called federal question jurisdiction provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citation omitted). A case may not be removed "on the basis of a federal defense." *See id.* at 393.

**B.     Defendant Fails to Establish Federal Question Jurisdiction**

Despite the Court's clear directive that Defendant cannot establish subject matter jurisdiction simply by alleging a federal defense, Defendant nonetheless asserts in his response to the OSC that this Court has federal question jurisdiction based on a laundry list of federal statutes and constitutional rights that *Plaintiff* allegedly violated. *See* ECF No. 32 at 1–2. Defendant further contends that there is federal jurisdiction here because the case "involves federal agencies" such as "Fannie Mae, SEC[], FHA, and the FHFA," *see id.* at 2, and because Plaintiff lacks standing, *see id.* at 1.

Defendant's arguments are unavailing. Federal question jurisdiction requires that "a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *See Caterpillar Inc.*, 482 U.S. at 392 (emphasis added) (citation omitted). Yet, "Defendant's filings lack any assertion that Plaintiff [is] bringing federal claims *against him*." ECF No. 10 at 3 (emphasis in original). Moreover, "[a] foreclosure . . . is a matter of state law. No federal question [is]

present[.]" *U.S. Bank Nat'l Ass'n v. Franco*, 2016 WL 5339680, at *5 (D. Haw. Sep. 1, 2016).

Another judge in this District already remanded Defendant's previous attempt to remove this action on the same grounds in June 2024. *See Wilmington Savings Fund Society, FSB v. Wallace*, 2024 WL 3234038 (D. Haw. June 28, 2024). In that order, Judge Leslie E. Kobayashi rejected the same arguments Defendant raises here:

> [T]he Ninth Circuit has recognized that the presence of a federal defense (or a federal issue raised in responding to a defense) "has no bearing on Plaintiffs' ability to vindicate a federal right and it does not constitute an essential element of Plaintiff's well-pleaded complaint. The existence of a federal defense does not transform purely state-law claims into 'federally created cause[s] of action." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (alteration and emphasis in original) (citations omitted); *see also Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011) (holding there was no basis for federal question jurisdiction because the federal issue involved was "merely a potential response to a defense"). Because Wallace raises the alleged violations of the FDCPA as a defense, and Plaintiff's Amended Complaint prays for relief solely under a Hawaiʻi state law foreclosure claim, making no claims arising under federal law on the face of the Amended Complaint, this Court therefore concludes that federal-question jurisdiction in this matter does not exist.

*See id.* at *5.

In sum, Defendant fails to meet his burden to establish that removal is proper because he does not allege that Plaintiff brings federal claims against him.

*See Hawaii ex rel. Louie*, 761 F.3d at 1034.  The Court once again REMANDS this action to the Circuit Court.

**C.     Plaintiff's Motion to Remand**

Even though the Court moots Plaintiff's Motion to Remand by remanding pursuant to the OSC, it comments on a few of the matters raised therein.  Plaintiff moves to remand the case based on untimeliness and the forum defendant rule.  *See* ECF No. 18-1 at 6.[3]  The Court agrees that this action could also be remanded for both those reasons.

As Plaintiff noted, Judge Kobayashi already warned Defendant that his "removal of this action more than three years after the commencement of this action is untimely under Title 28 United States Code Section 1446(c)(1)."  *See* ECF No. 18-1 at 4 (citing *Wilmington Savings Fund Society, FSB*, 2024 WL 3234038, at *4).  This action is still untimely now, one year later.  Further, Judge Kobayashi explicitly stated under the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2), removal is improper where, as here, Defendant is a citizen of the forum state.  *See Wilmington Savings Fund Society, FSC*, 2024 WL 3234038, at *4.  The

---

[3]  Plaintiff's attempt to incorporate by reference legal arguments made in a separate case is not well-taken.  *See Williams v. Cnty. of Alameda*, 26 F.Supp.3d 925, 947 (N.D. Cal. 2014) (finding it improper for plaintiff to incorporate by reference legal arguments in a brief related to another motion).

6

same holds true today because Defendant asserts that he is a citizen of Hawaiʻi. ECF Nos. 1-1 & 1-3.

Plaintiff also requests an award for attorneys' fees and costs because Defendant was already warned that further attempts to remove this action under similar circumstances was grounds for sanctions. *See* ECF No. 18-1 at 7. Though Defendant has continued to file frivolous motions, *see, e.g.*, ECF Nos. 37 & 38 (Defendant's Requests for Judicial Notice in Support of Federal Retention of Jurisdiction); ECF No. 39 (Defendant's Request for Judicial Notice of Illegal Hearing and Attorney Misconduct; Motion for Sanctions); ECF No. 42 (Motion for Stay of Proceedings and for Leave to Obtain Evidence in Support of Fraud Upon the Court and Lack of Standing), in this meritless removal, the Court is not inclined to grant fees at this time. Instead, the Court will give what is likely its final warning that Defendant may be sanctioned if he again attempts to remove this action under similar circumstances or violates other court orders.

## II.     CONCLUSION

For the foregoing reasons, the Court REMANDS this action to the Circuit Court. Plaintiff's Motion to Remand (ECF No. 18), Defendant's Motion to Stay Remand Proceedings (ECF No. 34), Defendant's Request for Judicial Notice in Support of Federal Retention of Jurisdiction (ECF Nos. 37 & 38), Defendant's Request for Judicial Notice of Illegal Hearing and Attorney Misconduct; Motion

for Sanctions (ECF No. 39), Defendant's Motion for Stay of Proceedings and for Leave to Obtain Evidence in Support of Fraud Upon the Court and Lack of Standing (ECF No. 42) are therefore all DENIED as MOOT.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, June 16, 2025.



Jill A. Otake
United States District Judge

___

CIV. NO. 25-00122 JAO-KJM, *Wilmington Savings, Fund Society, FSB v. Wallace*; Order Remanding Action